## ACME FLEXIBLE CLASP CO. v. CARY MFG. CO.

(Circuit Court, S. D. New York. December 13, 1899.)

EQUITY—REHEARING—NEWLY-DISCOVERED EVIDENCE.
　　A rehearing will not be granted on the ground of newly-discovered evidence, where the party making the application was put upon inquiry as to such evidence by testimony taken in the case long before the final hearing.

On Motion to Reopen Case and for a Rehearing.

Dyrenforth & Dyrenforth and W. A. Redding, for complainant.
A. G. N. Vermilya, for defendant.

TOWNSEND, District Judge. Motion to reopen case and for a rehearing. On final hearing, the court held that the patent was valid, and was infringed. 96 Fed. 344. The defendant now moves

for a rehearing, on the ground that the court misunderstood the effect of the testimony of one of the witnesses, because the inflections in his voice were not produced in print, and on the further ground of newly-discovered evidence. An examination of the affidavit of said witness fails to satisfactorily show that the court misunderstood his testimony. Furthermore, it is extremely doubtful whether said testimony, if understood as counsel for defendant now claims it should be, would be sufficient to justify a decision denying the validity of this patent. The other evidence shows that its validity had been acquiesced in by the public for 13 years. It is clear that the motion on the ground of newly-discovered evidence should be denied. The affidavits show that, although the defendant was informed by the testimony of Mr. Mead, long before the final hearing, that tea coopers used, in coopering teas in this country, fasteners similar to the alleged anticipating Chinese fasteners, yet no evidence of tea coopers was introduced at final hearing. The defendant has now produced several tea coopers, who claim, but with considerable indefiniteness, that the use of such fasteners was common in this country prior to the invention in suit. In these circumstances, to now permit the introduction of this evidence would violate the fundamental rules applicable to such motions. The questions herein involved are strikingly like those presented to, and disposed of, by Mr. Justice Story in Baker v. Whiting, 1 Story, 218, Fed. Cas. No. 786. The motion is denied.